# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION NO. 3:99-CR-226 |
| JEAN KERE AMILCAR, | (JUDGE CAPUTO) |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is Defendant Jean Kere Amilcar's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 55.) Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts instructs that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." In such instances, an evidentiary hearing is not required. *Gov't of Virgin Islands v. Nicholas,* 759 F.2d 1073, 1075 (3d Cir. 1985). Pursuant to 28 U.S.C. § 2255, a defendant must file a motion to vacate within one year of any of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the

      exercise of due diligence.

28 U.S.C. § 2255. Where the movant has not filed a direct appeal to the relevant court of appeals, the judgment of conviction becomes final ten days following the entry of the judgment. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see also* FED. R. APP. P. 4(b)(1)(A).

    In the instant matter, the Court entered judgment on October 6, 2000. (Doc. 48.) Therefore, Defendant had until October 20, 2001, to file a motion pursuant to § 2255. *See* FED. R. APP. P. 4(b)(1)(A); FED. R. APP. P. 26. However, Defendant waited until February 10, 2005. (Doc. 55.) Clearly, Defendant failed to file the instant motion within the period prescribed by § 2255. Moreover, Defendant offers no argument or evidence that he was prevented from filing the instant motion because of some government impediment; nor does Defendant offer argument or evidence that he recently discovered facts pertaining to his motion which might justify the delay. Finally, Defendant offers no argument or evidence that the delay in filing is justified because of a newly recognized right by the Supreme Court, which was made retroactively applicable to cases on collateral review. The Court notes, however, that Defendant does infer that his sentence was enhanced based on facts not submitted to a jury in violation of *United States v. Booker*, 543 U.S. ---, 125 S. Ct. 738 (2005). However, the United States Court of Appeals for the Third Circuit has recently held that the rule espoused by the Supreme Court in *Booker* is not retroactively applicable to cases on collateral review. *Lloyd v. United States*, No. 04-3549, 2005 WL 1155220 (3d Cir. May 17, 2005). Therefore, in light of the foregoing, the Court finds that Defendant's motion is untimely and must be

dismissed.

    An appropriate Order follows.

<u>May 27, 2005</u>                                      <u>/s/ A. Richard Caputo</u>
Date                                                      A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEAN KERE AMILCAR,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | NO. 3:99-CR-226<br><br>(JUDGE CAPUTO) |

### **ORDER**

**NOW**, this  27th  day of May, 2005, **IT IS HEREBY ORDERED** that Defendant Jean Kere Amilcar's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 55) is **DISMISSED**.

                                        /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge